UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANGEL MATAMORO,                                             :
                                                            :
                              Plaintiff,                    :
                                                            :            16-cv-9004 (KBF)
              -v-                                           :
                                                            :            MEMORANDUM
ROBERT KHOMARI, 2108 AMSTERDAM LLC,:                                     DECISION & ORDER
and 2304 AMSTERDAM LLC,                                     :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 19, 2017

KATHERINE B. FORREST, District Judge:

      The above-captioned action was originally filed on November 18, 2016 against Evan Roberts, CRP 502 West 167th LLC, CRP Clarendon B LLC, CRP Uptown Portfolio II B Annex LLC, CRP Clarendon C LLC, CRP Upton Portfolio III Annex LLC, 2108 Amsterdam LLC, and 2304 Amsterdam LLC.[1] (ECF No. 1, Compl.) The Complaint alleges violations of the Fair Labor Standards Act (FLSA) and New York Labor Law for unpaid regular and overtime wages, as well as unlawful deductions from wages. On August 21, 2017, this Court approved a settlement agreement between plaintiff and the CRP defendants. (ECF No. 57.) Additionally, after back-and-forth on whether Evan Roberts is an alias used by Robert Khomari, Evan Roberts was dismissed from the case after a hearing on September 29, 2017 in

---

[1] CRP 502 West 167th LLC, CRP Clarendon B LLC, CRP Uptown Portfolio II B Annex LLC, CRP Clarendon C LLC, and CRP Upton Portfolio III Annex LLC will hereinafter be referred to as the "CRP defendants." 2108 Amsterdam LLC, and 2304 Amsterdam LLC will hereinafter be referred to as the "Amsterdam defendants."

"anticipation of the claim being brought against Mr. Khomari," (see Sept. 29, 2017 Hearing Tr. at 8:22–23; see also ECF No. 73). That day, plaintiff filed an amended complaint adding Robert Khomari as a defendant. (ECF No. 74, Am. Compl.)

Pending before the Court is a motion for filed by Khomari and Amsterdam defendants, which this Court treats as a motion for summary judgment under Fed. R. Civ. P. 56.[2] The thrust of this motion is that plaintiff released his claims against defendants pursuant to a settlement agreement entered into on August 29, 2016—an agreement which plaintiff signed while represented by Ms. Vivianna Morales, his attorney in this action. For the foregoing reasons, summary judgment is GRANTED in favor of defendants.

I. BACKGROUND

Plaintiff's Amended Complaint alleges that as the building superintendent at 2108 Amsterdam LLC and 2304 Amsterdam LLC, he worked approximately seventy-seven hours per week. (Am. Compl. ¶ 36.) He contends that defendants failed to pay him the minimum wage or overtime, and that he resided in the basement apartment of 2108 Amsterdam "for the sole purpose of being available to provide services to the tenants on a 24-hour basis." (Id. ¶¶ 41, 46–48.) Plaintiff argues that during his employment, he worked for a person named "Evan Roberts,"

---

[2] According to the parties' agreement on October 18, 2017 and the Court's Order of October 19, 2017, the parties were directed to submit briefing on the issues of the release agreement and FLSA settlement approval. Rule 56.1 was waived, but the Court noted that "all factual allegations [should] be supported by short declarations and any supporting documents." (ECF No. 78 at 1.) In their submissions, both parties consented to this motion being treated as one for summary judgment under Rule 56. (See ECF No. 81, Mem. Opp. at 1; ECF No. 82, Reply Mem. at 1.)

but now acknowledges that this was an alias used by defendant Khomari.  (Mem. Opp. at 2.)

On August 29, 2016, plaintiff unambiguously entered into a broad release of all claims.  This release states that plaintiff:

> "releases, relieves, waives, relinquishes, and discharges <u>Evan Roberts, including his</u> heirs, executors, administrators, successors, <u>agents</u>, and assigns <u>and 2108 Amsterdam LLC, and its members, administrators, agents,</u> successors, and assigns <u>from any and all claims</u>, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints, or suits <u>of any kind</u> that <u>relate to Matamoro's compensation</u> or any wage and hour violations that may have occurred during, <u>arising from, or relating to</u> his employment or engagement with Evan Roberts and 2108 Amsterdam LLC . . . ."

(ECF No. 81-1, Waiver and Agreement ("Agreement") at 1.)  In exchange, plaintiff was to receive a $12,500 settlement payment, $7,500 of which was paid at execution and $5,000 of which was due when plaintiff vacated his apartment in the building.  (Agreement at 1; ECF No. 80, Mem. Supp. at 2; ECF No. 80-1, Khomari Decl. ¶ 11.)  The parties agree that the first installment was paid and the second was not, allegedly because "Plaintiff did not remove his belongings from the basement."  (Mem. Supp. at 2; Khomari Decl. ¶ 12.)

Plaintiff now brings suit under FLSA and New York Labor Law, raising claims related to payment of his wages while employed by Amsterdam defendants.

II.   DISCUSSION

Plaintiff purports to bring a FLSA action, but according to the Agreement signed by plaintiff—and notarized by Ms. Morales—he unequivocally released all claims "that relate to [his] compensation or any wage and hour violations that may

3

have occurred . . . relating to his employment or engagement with Evan Roberts and 2108 Amsterdam LLC." The briefing before the Court includes much back-and-forth on whether Robert Khomari's alias is Evan Roberts. Plaintiff and defendant Khomari acknowledge that Khomari used the "identity" or "nickname" of "Evan Roberts," (Mem. Opp. at 2; Khomari Aff. ¶ 2), but this point is immaterial—the release explicitly includes claims against Evan Roberts's agents, assigns, and successors. Even if it did not, it covers all members of 2108 Amsterdam LLC—defendant Khomari's affidavit and the Amended Complaint agree that Khomari is a member of 2108 Amsterdam LLC. (Id.; Am. Compl. ¶ 25.) As such, plaintiff cannot now bring a claim against Khomari or the Amsterdam defendants.

FLSA claims may be settled without court approval when the "the settlement agreement waiving rights under the FLSA . . . was entered into entirely outside the context of litigation, with the employee represented by counsel." Gaughan v. Rubenstein, 261 F. Supp. 3d 397 (S.D.N.Y. 2017) (citing Martin v. Spring Break '83 Prods., LLC, 688 F.3d 247 (5th Cir. 2012)). In other words, as long as the settlement was entered into before litigation commenced, and there is "no reason to view [the] agreement as the product of one-sided bargaining," the Court need not provide approval. Gaughan, 261 F. Supp. 3d 397. Here, plaintiff was represented by Ms. Morales, and there is no assertion that litigation had commenced at the time the Agreement was signed. As such, it is valid without Cheeks approval.

The Court again notes that when plaintiff entered into the Agreement, he was represented by Ms. Vivianna Morales, the same attorney who represents him in

4

the instant action. The Court is disturbed that Ms. Morales initiated FLSA litigation after the settlement of these claims, and is further disturbed that she has pursued this litigation for over a year. While plaintiff may have a contract claim—a point that the Court does not concede—the FLSA claims have been clearly waived. As such, the Court GRANTS summary judgment for defendant.

III. CONCLUSION

For the foregoing reasons, summary judgment is GRANTED for defendant. The Clerk of Court is directed to terminate this case.

SO ORDERED.

Dated:   New York, New York
         December 19, 2017

                                              _____
                                              KATHERINE B. FORREST
                                              United States District Judge